■ A.I. SMITH ELECTRICAL CONTRACTORS, INC., Appellant, v FIRE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County (Jawn Sandifer, J.), entered July 24, 1990, which denied petitioner's application pursuant to CPLR article 78 to annul respondents' determination that petitioner was in default of contract, de-

nied petitioner's motion for discovery and a hearing, and granted respondents' cross-motion to dismiss the proceeding, unanimously affirmed, without costs.

Petitioner, a licensed electrical contractor, entered into a contract with respondent dated January 30, 1980, to furnish all labor and materials for the installation of an underground interborough cable system to transmit electrical communication signals and replace the leased telephone lines. The contract provided that petitioner would guarantee the finished work against defects of materials and workmanship for one year after final completion, which was later agreed to equal a 95% operational level. Respondent Fire Department (respondent) transmitted data over a portion of the incompleted system in November 1986 and tested portions of the system from December 1986 to March 1987. Respondent issued its final acceptance on April 1, 1987. Respondent thereafter advised petitioner of certain problems with the system and requested that repairs be made. By letter dated March 1, 1988, respondent notified petitioner that it must restore the system to required operational levels in accordance with its guarantee. Although petitioner assured respondent it would honor the guarantee, the repairs were never completed. Petitioner was thereafter given a default hearing notice pursuant to the contract. At the informal hearing, petitioner contended that respondent's request to restore the system was untimely under the one year guarantee which it alleged to have commenced running in November 1986 rather than April 1987. Respondent rejected this contention. A stipulation was entered into pursuant to which petitioner agreed to perform the work. The stipulation also provided that failure to comply would subject petitioner to sanctions including being declared a nonresponsible bidder for three years pursuant to New York City Charter § 335. Petitioner failed to perform the work and was found in default.

Contrary to petitioner's contention, a full evidentiary hearing is not required where an informal hearing provides petitioner with an opportunity to be heard in accordance with the terms of the contract (see, *Albert Saggese, Inc. v Town of Hempstead,* 100 AD2d 885, 887, *mod* 64 NY2d 908). Further, the finding of default herein did not automatically bar petitioner from contracting with the City, as a future contracting agency would decide at that time whether petitioner is a responsible bidder. Petitioner might then be entitled to a full hearing pursuant to New York City Charter § 335. Because this default was not an automatic debarment, there is no

protected property interest to trigger the due process clause so as to require a full evidentiary hearing *(see, S & D Maintenance Co. v Goldin,* 844 F2d 962). Because no evidentiary hearing was required, the appropriate standard of review is whether the determination of respondent was arbitrary and capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We find that the actions of respondent were supported by a rational basis because the contract required petitioner to perform the work and make repairs under the one year guarantee. The court also properly determined the notice of default to be timely as respondent did not formally notify petitioner of the takeover and acceptance of the system until April 1, 1987. Concur—Sullivan, J. P., Milonas, Ross and Asch, JJ.