Matter of Murgrose Constr., Inc. v City of N.Y. Dept. of Transp. (2020 NY Slip Op 01398)





Matter of Murgrose Constr., Inc. v City of N.Y. Dept. of Transp.


2020 NY Slip Op 01398


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11157 153456/18

[*1] In re Murgrose Construction, Inc., Petitioner-Appellant,
v
The City of New York Department of Transportation, et al., Respondents-Respondents.


Marco & Sitaras, PLLC, New York (George Sitaras of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Andrew Borrok, J.), entered October 29, 2018, which denied the petition to annul a determination of respondent New York City Department of Transportation (NYCDOT), dated December 15, 2017, declaring petitioner in default of a contract between petitioner and NYCDOT, and terminating the contract, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The contract between petitioner and NYCDOT contained multiple provisions upon which NYCDOT could declare petitioner to be in default. In a notice to be heard, NYCDOT directed petitioner to appear and show cause why NYCDOT should not declare it in default pursuant to section 48.1.14 of the contract. Accordingly, the court properly determined that NYCDOT gave petitioner an opportunity to be heard, as required by article 48 of the contract, before declaring petitioner to be in default pursuant to that provision (see generally A.I. Smith Elec. Contrs. v Fire Dept. of City of N.Y., 176 AD2d 149, 150 [1st Dept 1991]). Although NYCDOT subsequently declared petitioner to be in default pursuant to other provisions as well, the contract permitted NYCDOT to declare petitioner to be in default based solely on section 48.1.14, provided NYCDOT's decision to do so was not arbitrary and capricious.
The court also properly found that NYCDOT's determination to declare petitioner in default based on the provision cited in the notice was not arbitrary (see Matter of R.C. 27th Ave. Realty Corp. v City of New York, 278 AD2d 142, 142-143 [1st Dept 2000]; Matter of Clover Constr. Consultants, Inc. v New York City Hous. Auth., 44 AD3d 654, 655 [2d Dept 2007], lv denied 9 NY3d 818 [2008]). NYCDOT rationally concluded that petitioner had missed multiple deadlines, the construction work had been substantially delayed, petitioner failed to submit required documents, and petitioner could not complete the work within the time provided by the contract. Although petitioner alleged that the work
delays were outside of its control, NYCDOT rationally rejected petitioner's explanation for the delays.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK